```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

INLAND MORTGAGE CAPITAL         )
CORPORATION,                    )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  11 C 6482
                                )
CHIVAS RETAIL PARTNERS, LLC,    )
et al.,                         )
                                )
               Defendants.      )
```

MEMORANDUM OPINION AND ORDER

This Court's January 25, 2012 memorandum opinion and order ("Opinion") trashed the unsound motion to dismiss that had been filed by the defendant Guarantors,[1] and it concluded with the caveat that if:

> If such is indeed the case, so that the only dispute between the litigants is legal and not factual in nature, both Guarantors and their lawyers ought to pay heed to the hazards posed by Rule 11(b) and 28 U.S.C. Section 1927 by any undue prolongation of the dispute.

If defense counsel got the message that this Court lacked patience with their bootless motion to dismiss, they are quite right--and if not, they regrettably lack perceptiveness.

What then to make of Guarantors' recently filed Answer to plaintiff's Complaint, which Answer seems to suggest that their counsel did not in fact get the word? This Court's review of that responsive pleading discloses a number of problematic

---

[1] That collective term was used in the Opinion to describe all the defendants sued by Inland Mortgage Capital Corporation ("Inland"), and that same usage will be employed in this opinion.

aspects:

    1. Although defense counsel have used the right language in seeking to draw upon the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5), their substantive use of that provision appears questionable in a number of respects. Thus it would seem that Complaint ¶¶1, 2 and 9 ought to be admitted rather than their invoking the disclaimer in an effort to get the benefit of a deemed denial, and that would appear to apply as well as to at least a portion of Complaint ¶10.

    2. Just what is being "denied" as to the allegations in Complaint ¶¶17, 18, 19, 20 and 27? If Guarantors have any legitimate basis for such denials, their counsel is ordered to file an amendment to the Answer on or before February 29, 2012 stating the basis for those denials. Absent an appropriate explanation, those paragraphs of the Complaint will be deemed admitted.

    3. On what basis is Complaint ¶26 denied by Guarantors? What has been said in the preceding paragraph applies with equal force as to Answer ¶26.

    4. Guarantors' First Affirmative Defense ("AD") is nonsense, for defense counsel are necessarily aware that the assertion there, equivalent to a Rule 12(b)(6) motion, requires the movant to accept all well-pleaded allegations

of the Complaint as true.  Accordingly AD 1 is stricken.

    5.   ADs 2, 3 and 4 will not be disturbed, because they will be treated as preserving Guarantors' record as to their rejected motion to dismiss.

    6.   AD 5 will similarly be left intact as to the claim that Inland has suffered no damages, but absent any factual fleshing out its claim of failure to mitigate damages is stricken.

    7.   AD 6 is stricken, for even if Guarantors' motion to dismiss had been sustained, Inland's conduct of the Georgia litigation would not justify the pejorative label of "unclean hands."

Because the matters addressed here apply to so many aspects of Guarantors' Answer, a mere curative amendment would create substantial inconvenience in future efforts to review the pleadings.  So the Answer is stricken in its entirety, with leave granted to file a self-contained Amended Answer on or before that same February 29, 2012 date.  No charge is to be made to Guarantors by their counsel for the added work and expense incurred in correcting counsel's errors.  Guarantors' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an

informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 16, 2012