```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

INLAND MORTGAGE CAPITAL      )
CORPORATION,                 )
                             )
          Plaintiff,         )
                             )
     v.                      )    No.  11 C 6482
                             )
CHIVAS RETAIL PARTNERS, LLC, )
et al.,                      )
                             )
          Defendants.        )
```

## MEMORANDUM ORDER

When parties to a major transaction have a dispute over the meaning and effect of documents they have executed and of conduct in which they have engaged, their litigation must be treated as serious business and not as some sort of trick bag. And when counsel for the litigants on one side of that dispute adopt the latter approach, that disserves not only the judicial system but--as such counsel may not realize--their clients as well.

Here defense counsel represent a set of unconditional Guarantors of a multimillion dollar mortgage note that has gone into default and has thus given rise to foreclosure of the mortgage. Initially Guarantors' counsel filed a motion to dismiss that this Court promptly rejected in a January 25, 2012 memorandum opinion and order ("Opinion I"). Next the same counsel tendered an Answer to the Complaint that had been brought against Guarantors by Inland Mortgage Capital Corporation ("Inland," the lender of the funds represented by the mortgage

note)--an Answer that was materially flawed in a number of respects that this Court identified (again promptly) in a February 16 memorandum opinion and order ("Opinion II"). And now defense counsel's First Amended Answer ("FAA") has exhibited the characteristics spoken of in pejorative terms in the preceding paragraph, thus prompting the issuance of this "Opinion III."

What follows is the identification of a number of basic defects in the FAA. Although the list is multifaceted, it is not necessarily exhaustive--plaintiff Inland may of course point to other aspects that it finds wanting.

To begin with, some fundamental flaws that pervade much of the current pleading stem from the failure of Guarantors' counsel to acknowledge the consequences of their clients' admitted execution of the Guaranty (see FAA ¶13), the validity of which has not been challenged either in the motion to dismiss or in either of the two Answers. And that being so, there is really no room for anything but a flat-out admission of the allegations in Complaint ¶9 (a point already made in Opinion II at 2) or, it would appear, Complaint ¶¶17, 18, 19 and 20.

Opinion II had also made the same point as to the last-four-identified paragraphs of the Complaint, and as to Complaint ¶¶26 and 27 as well. What was said in Opinion II was that "[i]f Guarantors have any legitimate basis for such denials," that had to be set out by "an appropriate explanation," failing which

"those paragraphs of the Complaint will be deemed admitted." Yet all that defense counsel have done is to reiterate the denials, stating as the purported "appropriate explanation" nothing more than "[f]or the reasons set forth in Defendants' Motion to Dismiss."

But any such attempted "explanation" is totally unacceptable. For one thing, just as a matter of form the FAA's general references to another document, rather than providing a self-contained response, is problematic in itself. More substantively, for counsel simply to advert to a legal argument elsewhere in responding to a factual allegation in the FAA provides no clue as to whether that factual allegation is or is not correct, defeating the purpose as well as the letter of Fed. R. Civ. P. 8(b). And as if that were not enough (and it is), such unacceptability is compounded where (as here) the purported explanation is wholly undifferentiated, simply referring instead to the motion to dismiss in generic terms.

Two other matters addressed in Opinion II have not been attended to by Guarantors' counsel either. First, they have failed to provide "any factual fleshing out" of any claimed failure on Inland's part to mitigate damages, so that reference in what is now in the Fourth Affirmative Defense is again stricken. And second, to this Court's knowledge Guarantors' counsel have not complied with the final two sentences in

Opinion II, which are hereby renewed and must be followed in connection with counsel's next return to the drawing board.

One last point should be made. Opinion I concluded by warning Guarantors and their counsel of "the hazards posed by Rule 11(b) and 28 U.S.C. §1927 by any undue prolongation of the dispute." That warning has gone unheeded. Although this Court of course recognizes the right of Guarantors and their counsel to persist in the legal arguments that this Court has found inadequate to this point, the responsible way to advance those arguments is to stop horsing around on nonexistent factual disputes, thus permitting the case to be resolved at the District Court levels and preserving the ability to challenge that result before the Court of Appeals as a legal matter. Accordingly the FAA is stricken in its entirety, with leave granted to file a Second Amended Answer on or before March 16, 2012.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 5, 2012